UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUANITA L. APAEZ, :
:
       Plaintiff, :
: Case No. 1:13-cv-885
v. :
:
GREYSTONE HEALTHCARE :
MANAGEMENT CORP., :
:
       Defendant. :

### STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over claims of confidentiality, provide adequate protection for material deemed confidential, and insure that protection is afforded only to such deemed material, on the joint motion and stipulation of the parties, and for good cause shown, the joint motion for stipulated protective order, filed July 7, 2014, is sustained.

IT IS HEREBY ORDERED THAT:

    1.    **Purpose of Order.** The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this matter and to facilitate the exchange of information between the parties. The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case will likely seek private information from both parties and nonparties, including, but not limited to, private documents regarding Plaintiff's employment, confidential business information, trade secrets, and recruiting practices concerning Defendant Greystone Healthcare Management Corporation (hereinafter "Greystone"), and personnel records of Greystone employees, including former employees. Good cause exists for

the issuance of a protective order, including the fact that the majority of persons associated with this matter reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

2. **Confidential Information.** Plaintiff, Juanita L. Apaez (hereinafter "Apaez") and Greystone have agreed that certain documents and information, if produced or disclosed during this litigation by either party, should be treated as confidential. As used in this Order, the term "Confidential Information" shall be applicable to:

a. Plaintiff's medical, financial, or personnel records; and any of Greystone's business and financial records; confidential documents regarding Greystone's policies, procedures, and training, including Greystone's recruiting practices; Greystone's employee compensation data; or personnel information relating to Greystone's employees, including, but not limited to, Greystone's personnel records of persons other than Plaintiff;

b. Any documents, designated portions of deposition testimony, and responses to interrogatories, requests for admissions, or requests for production of documents concerning the above-described Confidential Information;

c. This Order shall not apply to any documents or material available through the public, including those documents or materials which may be obtained through the media, unrestricted government records, or other public records or files. This Order shall not apply to any documents obtained from some source other than the producing party or

2

already possessed by the receiving party that are not otherwise subject to an obligation of confidentiality.

3. **Designating Documents And Information As Confidential.** Any party to this action may designate as "Confidential Information" documents, responses to interrogatories, requests for admissions, or requests for production of documents produced after entry of this Order and related to the subject matters described in Paragraph (2) by stamping or labeling the documents or responses with the word "Confidential." Documents or responses shall not be treated as confidential pursuant to this Order unless they are stamped or labeled as "Confidential." The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated. The parties and their counsel shall not photocopy any documents which fall under this Order unless such photocopies are needed as part of this litigation.

4. **Designating Deposition Testimony As Confidential.** Any party to and deponent in this action may designate deposition testimony relating to the subjects enumerated in paragraph 2 above as "Confidential Information" by advising counsel of record by letter within fourteen days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present at the deposition that the information is confidential and subject to this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated) will be treated as confidential. There shall be

3

no need to re-designate documents or exhibits which have been previously designated as confidential.

5.  **Limited Disclosure Of Confidential Information.** Any documents, designated portions of deposition testimony, or responses to interrogatories, requests for admissions, or requests for production of documents which are marked as "Confidential" are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case. Except upon further Order of this Court or by express written consent of counsel for the parties, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person other than:

a.  Parties and counsel for the parties in this action who are actively engaged in the conduct of this matter; and the partners, associates, secretaries, legal assistants, and employees or agents of such counsel, to the extent reasonably necessary to render professional services to the matter;

b.  Persons who are expressly retained by counsel to assist in the preparation of this matter for trial, such as independent accountants, statisticians, or economists or other experts, and the staff working under the direct supervision of such person retained to assist in the preparation of this matter for trial;

c.  Persons with prior knowledge of the documents or the Confidential Information contained therein;

d.  Witnesses and potential witnesses, as long as the disclosure occurs in the presence of counsel or at counsel's offices, and no copies, duplicates, images, or the like are removed or retained by any witness;

  e. Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

  f. Jurors and alternate jurors empanelled for the trial of this case;

  g. Any person providing graphics or design services for purposes of preparing demonstrative or other exhibits in this litigation, any jury or trial consulting services, or any vendor providing document management or other litigation support services;

  h. Any independent document reproduction services or document recording and retrieval services; and

  i. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to any Order of this Court.

6. **Certification To Abide By Protective Order.** Before disclosing Confidential Information to those persons specified in paragraphs **5(b) and 5(g)** hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing a copy of the certification attached hereto as Exhibit A.

7. **Disputes Concerning Designation(s) Of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party opposing the confidentiality of the information may apply for appropriate relief from this Court.

8.  **Use Of Confidential Information.** Confidential Information shall be used only in connection with these proceedings and any appeals arising therefrom. No information produced in discovery in this case, including but not limited to Confidential Information, shall be used for any purpose other than in connection with this case and any appeals arising therefrom. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside this proceeding for any purpose. If any party desires to file documents containing Confidential Information with the Court, such documents shall be filed with the Court in sealed envelopes on which shall be endorsed the caption of this action, a brief description of its contents, the name of the party and counsel filing the same, and a statement in bold print substantially in the following form: "THIS ENVELOPE CONTAINS DOCUMENTS WHICH ARE CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER, AND IS NOT TO BE OPENED BY OR MADE AVAILABLE TO ANYONE EXCEPT THE COURT AND ITS STAFF PERSONNEL." The parties and their counsel, however, have the right to use any such information contained in these documents, or the documents themselves, in the trial of this case; provided that the parties and their counsel are entitled to seek protective orders concerning the Confidential Information to be introduced at trial as he/she/it deems reasonable and/or necessary to protect Confidential Information from public disclosure. The parties do not waive any right to object at trial to the admissibility of any document or during discovery to the discoverability of any document, which falls under the scope of this Order, or portion thereof, or the right to file a motion in limine regarding the use of any such documents.

9.  **Maintaining Confidentiality.** The recipient of any Confidential Information provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area. The recipient shall take care that any such information or the substance of content of such

information, or notes and memoranda relating thereto, not be disclosed to anyone other than qualified persons.

**10. Subject To Court's Jurisdiction.** Each person to whom disclosures of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

**11. Return Of Confidential Information.** Upon the final determination of this action, including the expiration of time for any further appeals, whether by judgment, settlement, or otherwise:

    a. Counsel of record in possession of Confidential Information shall, within thirty (30) days after the final determination of this action, destroy all such documents containing Confidential Information and all notes, memoranda, copies, abstracts, excerpts, or other parts.

    b. All persons who received any Confidential Information (and who do not fall under paragraph 11(a)) shall return to the producing party all copies of Confidential Information that are in the possession of such person(s), together with all notes, copies, abstracts, excerpts, memoranda, or other parts, and counsel for the designating party shall dispose of the documents and things in accordance with paragraph 11(a);

    c. Upon written request, Counsel of record for each party shall also confirm in writing that all Confidential Information, documents and things together with all notes, copies, abstracts, memoranda, excerpts, or other parts have been destroyed in accordance with the terms of paragraphs 11(a) and 11(b) above.

12. **Redaction.** The party producing any documents referenced in paragraph 2(a) and 2(b) above may redact social security numbers and any medical information or information protected by the Health Insurance Portability and Access Act and the Genetic Information Nondiscrimination Act, and the related provisions established in the Code of Federal Regulations, from such documents prior to their production.

13. **No Admission.** Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, admissibility, or discoverability of any document, material, transcript, or other information.

14. **Privileged Materials.**

    a. **Inadvertent Disclosure.** The parties agree that they will cooperate with each other regarding materials that may be attorney-client privileged or work product. To the extent any protected materials inadvertently are produced by one party to another, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s). Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party or parties shall within 5 business days either (1) return all copies of the materials; or, if the claimed privilege is contested, (2) so advise the producing party and segregate the materials pending resolution of the dispute. If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration. Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

  b. **Logging.** If any document called for production in discovery or otherwise in this case is withheld by a party pursuant to a claim of any privilege, the withholding party shall furnish a log reflecting the following information for each document for which the privilege is claimed: (1) the nature of the privilege claimed; (2) the date of the document; (3) a brief description of the subject matter of the document; and (4) the name and title of each person who prepared and/or received the document.

**IT IS SO ORDERED.**

Date: 7/8/14

_____
JUDGE

Respectfully Submitted:

/s/ Ryan W. Green
Ryan W. Green
DINSMORE & SHOHL LLP
255 East Fifth Street
Cincinnati, OH 45202
ryan.green@dinsmore.com

*Attorney for Defendant*

Respectfully Submitted:

/s/ Stephen E. Imm
Stephen E. Imm
Imm, Katz, Greenberger & Norton
105 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202
sei@kgnlaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was served, by First Class United States Mail, Postage Prepaid, on the following counsel of record this 7th day of July, 2014:

Stephen E. Imm
Katz, Greenberger & Norton LLP
105 E. Fourth Street, Suite 400
Cincinnati, Ohio 45202

/s/ Ryan W. Green

2958810v1